IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-99-630-1 |
| § | CIVIL ACTION NO. H-08-1527 |
| ROBERT SWANSON, § | |
| § | |
| Defendant-Movant § | |

**MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant Robert Swanson's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 328),[1] his Supplement to § 2255 Motion (Document No. 332), Motion for Leave to Amend § 2255 Motion and Amended § 2255 Motion (Document Nos. 333 & 334), Motion for Discovery (Document No. 339), and Request for Admission (Document No. 340), the United States' Answer, Motion to Dismiss, and Response to all of Swanson's motions (Document Nos. 337 & 338). After reviewing all of Movant's filings, the Government's Answer, Motion to Dismiss, and Responses to Movant's motions, the record of the proceedings before the District Court in the underlying criminal case, and the applicable case law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss as time-barred (Document No. 338) be DENIED, and that this § 2255 proceeding be transferred to the Western District of Texas, San Antonio Division.

---

[1] Robert Swanson's Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 1 in Civil Action H-08-1527 and at Document No. 328 in Criminal Action No. H-99-630. References hereafter will be to the Criminal Document numbers unless otherwise indicated.

**I.	Procedural History**

Movant Robert Swanson ("Swanson"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Swanson's first attempt at § 2255 relief.

On January 5, 2000, Swanson and Marcial Rivera ("Rivera") were charged in a fourteen count superseding indictment with conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h) (Count 1); aiding and abetting wire fraud, in violation of 18 U.S.C. §§ 2, 1343 (Counts 2-8), and aiding and abetting money laundering in violation of 18 U.S.C. §§ 2, 1956(a)(1)(A)(I) (Count 9). In addition, Swanson was charged with trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320(a) (Counts 10-13). (Document No. 79). Following an eight day jury trial, Swanson was found guilty by a jury on all counts except for one count of trafficking in counterfeit goods on January 31, 2000. (Document No. 132). On May 25, 2001, Swanson was sentenced to concurrent terms of imprisonment of 87 months (Counts 1, 9, 11-13) and 60 months on Counts 2-8), to be followed by concurrent 3 year terms of supervised, a $10,000 fine on each count, $500 in restitution, and a $1,200 special assessment. (Document No. 257). Judgment was entered on June 11, 2001. (Document No. 260). Swanson appealed his conviction to the Fifth Circuit Court of Appeals. The Fifth Circuit, unpersuaded by Swanson's challenge to the sufficiency of the evidence on seven counts of aiding and abetting wire fraud and one count of aiding and abetting money laundering, and Swanson's arguments that the Court erred in denying his motion to continue sentencing for six months until a proposed, new money laundering guideline became effective, in ordering that the counterfeited Rolex watches be destroyed, and in imposing a fine of $10,000, affirmed Swanson's conviction and sentence in an opinion filed on December 3, 2002. (Document No. 293, 294).

Swanson did not file a petition for writ of certiorari with the United States Supreme Court. The 90 day period for filing a petition for writ of certiorari with the Supreme Court expired on or about March 3, 2003. SUP. CT. R. 13.1 ("A petition for certiorari ... is timely when it is filed ...within 90 days after entry of the judgment."); *Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one year limitations period starts to run when the time for seeking such review expires"); *United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000) (§ 2255's statute of limitations begins to run when the time for filing a petition for certiorari expires). As such, Swanson's judgment and conviction became final on or about March 3, 2003.

The docket sheet reveals that Swanson served a term of imprisonment and then began his term of supervised release on or about April 20, 2005. The docket sheet shows that Swanson's probation jurisdiction was transferred to the Western District of Texas, San Antonio Division on or about October 26, 2005. (Document Nos. 322, 324, 325 and Attached as Exhibit A, the docket sheet from the Western District of Texas, No. SA-05-CR-734-1-XR, Document No. 1, hereinafter "SA"). The docket sheet from the Western District of Texas shows that Swanson's supervised release conditions were modified on January 3, 2006 (SA Document No. 2), and on November 17, 2006. (SA Document No. 3). On May 1, 2007, the probation office recommended that Swanson's supervised release be revoked and a probation warrant was issued. (SA Document Nos. 4, 5). Thereafter, Swanson was appointed counsel and revocation hearings were held February 21, 2008 (SA Document No. 30), and March 5, 2008 (SA Document No. 42), at the conclusion of which, the Court found that Swanson had violated the terms of supervised release, granted the Motion to Revoke his supervised release, and sentenced Swanson to a term of imprisonment of 87 months, without credit for time

previously served on supervised release. (SA Document No. 42). Swanson has appealed the Court's Order to the Fifth Circuit Court of Appeals. (SA Document No. 48). The appeal is pending. The docket sheet from the Western District of Texas further shows that Swanson has filed numerous pro se Motions to Correct Sentence (SA Document Nos. 50, 53, 54, 58, 66, 67), in which he challenges his revocation and the search warrant that was executed therewith. All of Swanson's motions have been denied. (SA Document No. 56, 57, 62, and 70). Meanwhile, on May 12, 2008, Swanson filed the instant § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 328), and various amendments thereto (Document Nos. 332, 334, 335, 339, 340), in all of which Swanson challenges the revocation of his supervised release, and all actions taken in connection with the revocation of his supervised release, including a challenge to search warrants executed by the Postal Inspector. The Government has answered and has moved to dismiss the instant action as time-barred (Document Nos. 337 & 338) based on the date Swanson's original conviction became final. Here, because Swanson is not challenging his original judgment and sentence, his § 2255 motion is not time-barred. Rather, Swanson, through the instant § 2255 proceeding, challenges his sentence of revocation that was imposed on Mary 10, 2008. (Document No. 47). The law is clear that the revocation of supervised release is a sentence, *see United States v. Moody*, 277 F.3d 719 (5th Cir. 2001), and therefore may properly be challenged in a § 2255 motion.[2] Because Swanson's probation has been transferred to the Western District of Texas, San Antonio Division, and because he is

---

[2] Swanson's Motion has been characterized by the docket clerk as one filed under 28 U.S.C. § 2255. Based on this characterization, pursuant to *Castro v. United States*, 540 U.S. 375 (2003), Swanson is advised as follows: (1) his motion has been construed as a Motion to Vacate, Set Aside or Correct Sentence; (2) as a result of this characterization, should Swanson later seek to assert additional claims under § 2255, any subsequently filed motions will be construed as successive before the district court, and he will be required to seek and acquire approval from the Fifth Circuit Court of Appeals to pursue a successive § 2255 motion.

challenging the action of the Western District of Texas, San Antonio Division, in revoking his term of supervised release and imposing an 87 month term of imprisonment, the instant action should be transferred to the Western District of Texas, San Antonio Division. *See Rule 4(a), Rules Governing Section 2255 Proceedings for the United States District Courts* (if the judge who imposed sentence was not the trial judge, 2255 motion should be sent to the "judge who conducted the proceedings being challenged.").

**II. Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Swanson's case should be transferred to the Western District of Texas, San Antonio Division, it is

RECOMMENDED that the Government's Motion to Dismiss as time-barred (Document No. 338) be DENIED, that Movant Robert Swanson's § 2255 proceeding be transferred to the Western District of Texas, San Antonio Division.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile*

5

*Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 4th day of September, 2008.

*Frances H. Stacy*
Frances H. Stacy
United States Magistrate Judge